**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mark Cain,

        Plaintiff,

v.

United States Postal Service,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 06-01 JRT/RLE
Civil No. 06-4354 ADM/JSM

---

Rodney C. Hanson, Esq., Anderson Larson Hanson & Saunders, P.L.L.P., Willmar, MN, on behalf of Plaintiff.

Patricia R. Cangemi, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

On March 21, 2007, oral argument before the undersigned United States District Judge was heard on Defendant United States of America's ("United States" or "Government") Motion for Substitution and to Dismiss Plaintiff's Complaint [Civ. No. 06-4354 Docket No. 5] and Plaintiff Mark Cain's ("Cain") Motion to Vacate Judgment and for Application of the Relation Back Doctrine [Civ. No. 06-01 Docket No. 8; Civ. No. 06-4354 Docket No. 10]. In his Complaint [Civ. No. 06-4354 Docket No. 1], Cain brings a claim for damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Cain does not oppose the Government's Motion for Substitution. Therefore, the Motion is granted and the United States of America is substituted as the defendant in Civ. No. 06-4354 ADM/JSM. For the reasons set forth herein, Defendant's Motion to Dismiss is granted and Plaintiff's Motion is denied.

## II. BACKGROUND

On May 21, 2004, a motor vehicle driven by Cain collided with a United States Postal Service ("Postal Service") vehicle driven by a Postal Service employee near New London, Minnesota. Compl. ¶¶ 2-6. On April 20, 2005, Cain filed a claim with the Postal Service seeking an administrative remedy for his injuries. Crump Decl. [Civ. No. 06-4354 Docket No. 8] Ex. 1. The Postal Service denied Cain's claim in a letter of July 15, 2005, and denied Cain's request for reconsideration in a letter of August 19, 2005. Id. Exs. 2-3. The August 19 letter advised Cain that under 28 U.S.C. § 2401(b), he must bring an action in federal court within six months if he desired to further pursue his claim. Id. Ex. 3.

On January 3, 2006, Cain timely filed an action in this District. Compl. [Civ. No. 06-01 Docket No. 1]. The case, Civ. No. 06-01 JRT/RLE, was assigned to Judge John R. Tunheim, and referred to Chief Magistrate Judge Raymond L. Erickson. Cain failed to serve the Complaint and Summons on the Postal Service within the 120-day time frame set by Federal Rule of Civil Procedure 4(m). As a result, Judge Erickson issued an Order on May 5, 2006 directing Cain to show good cause, within 20 days, for an extension of time to effectuate service. May 5, 2006 Order [Civ. No. 06-01 Docket No. 2]. On May 18, 2006, Cain effectuated service on the Postal Service and the United States Attorney's Office in Minneapolis, Minnesota. Affidavits of Service [Civ. No. 06-01 Docket No. 6].

However, Cain failed to respond to Judge Erickson's Order or otherwise notify the Court that service had been effectuated. As a result, on June 6, 2006, Judge Erickson issued a Report and Recommendation ("R&R") [Civ. No. 06-01 Docket No. 4] that the action be dismissed for failure to comply with the May 5, 2006 Order, for failure to effect proper service, and for lack of

prosecution. The R&R specified that objections to the R&R were due by June 23, 2006. R&R [Civ. No. 06-01] at 3. Cain never filed an objection to the R&R. Accordingly, Judge Tunheim issued an Order on June 27, 2006 adopting the R&R and dismissing the action. June 27, 2006 Order [Civ. No. 06-01 Docket No. 5].

On August 2, 2006, Cain filed affidavits indicating that service had been effectuated on the Defendant on May 18, 2006. Affidavits of Service [Civ. No. 06-01 Docket No. 6]. However, Cain never requested reconsideration of the June 27 Order dismissing the case. Thus, on August 17, 2006, Judgment was entered dismissing Cain's lawsuit. Cain took no further action until filing a new Complaint on October 30, 2006. The new lawsuit, Civ. No. 06-4354 ADM/JSM, was assigned to the undersigned United States District Judge.

### III. DISCUSSION

**A.   The United States's Motion to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. On a motion to dismiss under Rule 12(b)(1), a defendant may challenge the complaint on its face, or the defendant may contest the truthfulness of the alleged facts. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Here, the United States attacks the Complaint on its face. Thus, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion under Rule 12(b)(6)." Id. (citations omitted). "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

The United States argues that Cain's October 30, 2006 Complaint in the instant case must

be dismissed for lack of subject matter jurisdiction because it was not filed within six months of the Postal Service's August 19, 2005 letter denying Cain's request for reconsideration.  See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.").  In response, Cain has filed a motion under Federal Rule of Civil Procedure 60(b) to vacate the August 17, 2006 Judgment in Civ. No. 06-01, and to relate his October 30, 2006 Complaint in Civ. No. 06-4354 back to his January 3, 2006 Complaint in Civ. No. 06-01, pursuant to Federal Rule of Civil Procedure 15(c).  At oral argument, Cain's counsel conceded that this Court lacks subject matter jurisdiction unless it grants both Cain's Motion to Vacate and Cain's Motion for Relation Back.

**B.     Cain's Motion for Relief under Rule 60(b) and for Relation Back**

Under Federal Rule of Civil Procedure 60(b)(1), "the court may relieve a party . . . from a final judgment" because of "mistake, inadvertence, surprise, or excusable neglect."  A Rule 60(b)(1) motion must be filed "within a reasonable time, and . . . not more than one year after the judgment . . . was entered."  Fed. R. Civ. P. 60(b).  In deciding whether to set aside a judgment for excusable neglect, a district court must not focus exclusively on the negligent act.  Union Pac. R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001).  Instead, a court must consider "all relevant circumstances surrounding the party's omission."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  The following factors must be carefully balanced: (1) "the danger of prejudice;" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith."  Id.

However, these factors "do not carry equal weight," and "the reason-for-delay factor will always be critical to the inquiry." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

In the instant case, assuming arguendo (1) the delay of a few months causes only slight prejudice to the Government's defense of the case, (2) the length of the delay caused by Cain's neglect will not impact the judicial proceedings, and (3) Cain has acted in good faith, Cain's Rule 60(b) Motion must still be denied because the reason-for-delay factor weighs heavily against Cain. In explaining the neglect that occurred in Civ. No. 06-01, Cain's counsel of record asserts that Cain's case was delegated to a second attorney in the same law firm, who inadvertently neglected to comply with Chief Magistrate Judge Erickson's May 5, 2006 Show Cause Order.[1] Hanson Aff. [Civ. No. 06-4354 Docket No. 15] ¶¶ 2-3. Cain's counsel of record further explains that the second attorney was called to active duty military service in mid-May 2006, and that the law firm had difficulty absorbing the departing attorney's caseload. Mem. in Supp. of Mot. to Vacate and for Relation Back [Civ. No. 06-01 Docket No. 10; Civ. No. 06-4354 Docket No. 15]. This resulted in the neglect of Cain's file until August 2006. Id.

The Court is sympathetic that an attorney's unexpected departure can cause difficulties for a law firm. Perhaps such difficulties can support a finding of excusable neglect in certain cases, such as those involving "marginal failures to comply with time requirements." Inman v. Am. Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997) (quotation marks, citation, and internal alteration marks omitted). However, one attorney's departure from a law

---

[1] The Court is troubled by counsel's attempt to shift blame for the neglect to another attorney when current counsel has been counsel of record throughout both cases, and the associate cited for the first instance of neglect is not admitted to federal practice.

firm can not constitute excusable neglect for the multiple unexplained failures that occurred in the instant case.  To summarize, Cain's counsel failed to respond as directed by Chief Magistrate Judge Erickson's May 5, 2006 Order.  Next, counsel failed to file any objections to Judge Erickson's June 6, 2006 R&R recommending dismissal.  Further, counsel failed to move for reconsideration of Judge Tunheim's June 27, 2006 dismissal Order.  Finally, counsel waited over two months to take action after the August 17, 2006 Judgment.[2]  If these facts constitute excusable neglect, then it "it is hard to fathom the kind of neglect that we would not deem excusable."  <u>Lowry</u>, 211 F.3d at 464.  After weighing the relevant factors, the Court finds that Cain has not demonstrated what could fairly be categorized as excusable neglect.  Therefore, Cain's Rule 60(b) Motion to vacate the August 17, 2006 Judgment is denied.

The denial of Cain's Rule 60(b) Motion requires that Cain's Motion for Relation Back must also be denied.  The August 17, 2006 Judgment dismissed Cain's entire action in Civ. No. 06-01, including the January 3, 2006 Complaint.  Thus there is nothing to which the October 30, 2006 Complaint in Civ. No. 06-4354 can relate back.  The Court discerns no basis in Federal Rule of Civil Procedure 15(c) that allows for relation back in these circumstances.

Finally, as discussed above, Cain concedes that this Court lacks subject matter jurisdiction if his Motion to Vacate Judgment and for Application of the Relation Back Doctrine is denied.  Since the Court has denied both aspects of Cain's Motion, the Government's Motion to Dismiss in Civ. No. 06-4354 is granted.

---

[2] Even then, rather than file a motion to vacate the August 17, 2006 Judgment, counsel filed a new complaint on October 30, 2006.  The instant Motion to Vacate Judgment was filed on February 17, 2007, six months after the Judgment was entered.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Substitution [Civ. No. 06-4354 Docket No. 5] is **GRANTED**.  The United States of America is substituted for the United States Postal Service as the Defendant in Civ. No. 06-4354.

2. Defendant's Motion to Dismiss [Civ. No. 06-4354 Docket No. 5] is **GRANTED**.

3. Plaintiff's Motion to Vacate Judgment and for Application of the Relation Back Doctrine [Civ. No. 06-01 Docket No. 8; Civ. No. 06-4354 Docket No. 10] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY IN CIV. NO. 06-4354**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 22, 2007.